AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| SAMUEL MARTINEZ, | ) | Case No. 19-6475-HUNT |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 4, 2019__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute heroin. |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Francisco Gonzalez, SA HSI
*Printed name and title*

*telephonically*
Sworn to before me and signed in my presence.

Date: 10/05/2019

_____
Judge's signature

City and state: Ft. Lauderdale, Florida

Patrick M. Hunt, U.S. Magistrate Judge
*Printed name and title*

4

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Francisco X. Gonzalez, being duly sworn, depose and state:

1. I am a Special Agent of the United States Homeland Security Investigations ("HSI") assigned to the Miami Office. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent for approximately eleven (11) years, during which time I have been involved in investigations involving narcotics trafficking. Prior to this assignment, I was a Customs Officer with the United States Customs and Border Protection ("CBP") assigned to the Miami Office of Field Operations for approximately ten (10) years, during which time I was involved in the interdiction of narcotics, narcotics proceeds and weapons at international airports and seaports. I am also cross-designated to undertake drug investigations under a Memorandum of Understanding between HSI and the Drug Enforcement Administration ("DEA") pursuant to Title 21, United States Code, Section 873(a). During my years in law enforcement, I have become familiar with the investigation and enforcement of state and federal narcotics laws.

2. This Affidavit is based on my personal knowledge and information obtained from other law enforcement personnel. The information set forth herein is provided solely for the purpose of establishing probable cause in support of a criminal complaint charging Samuel MARTINEZ with possession with intent to distribute cocaine, in violation of Title 18, United States Code, Section 841(a)(1). Because this

Affidavit is submitted for the limited purpose of establishing probable cause, it does not include all the details of the investigation of which I am aware.

3. On October 4, 2019, at approximately 9:30 p.m., a Broward Sheriff's Office ("BSO") Officer observed a red Chevrolet Silverado pickup truck, bearing Texas license plate No. KGV 0401, swerving from one lane to another while driving south on the Florida Turnpike. The Officer conducted a traffic stop of the truck just north of the Pompano service plaza, in Broward County, in the Southern District of Florida. A records check of the license plate indicated the registered owner of the truck was Samuel MARTINEZ.

4. The driver identified himself to the Officer as MARTINEZ and said he was traveling from Texas to South Florida, and that he had been swerving because he was tired from driving. Based on MARTINEZ's nervous demeanor and inconsistencies in his responses to questions, the Officer called for a K-9 unit. When MARTINEZ saw the K-9 Unit alert to the truck, MARTINEZ admitted to the Officer that he was traveling to South Florida to deliver 2 kilograms of narcotics.

5. At approximately 10 p.m., MARTINEZ was placed under arrest and given verbal *Miranda* warnings. MARTINEZ waived his rights and agreed to speak with law enforcement. MARTINEZ said he was unsure whether the narcotics he was transporting were heroin or cocaine, and claimed that he did not know where within the truck the narcotics had been concealed. MARTINEZ admitted that he was to be paid $2500 per kilogram, for a total of $5000. At approximately 10:45 p.m., MARTINEZ was re-read his *Miranda* rights, again agreed to waive them, and provided an audio recorded statement consistent with his prior statements and taking responsibility for his actions.

2

6. Law enforcement searched the vehicle for the narcotics but could not locate them. When additional law enforcement officers arrived with a mobile X-ray machine, MARTINEZ revealed that he had concealed the narcotics in the truck's front differential and agreed to assist law enforcement in retrieving the narcotics. At approximately 1:30 a.m., MARTINEZ successfully extracted three cylindrical objects concealed within the truck's front differential. Two of the cylindrical objects contained approximately 2 kilograms of a black tar-like substance which field-tested positive for heroin. The third cylindrical objected contained rags.

7. Based on the foregoing, your Affiant submits that there is probable cause to believe that on or about October 4, 2019, in Broward County, in the Southern District of Florida, Samuel MARTINEZ, did knowingly possess with intent to distribute a controlled substance, specifically heroin, in violation of Title 18, United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Francisco Gonzalez
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on telephonically
this 5th day of October, 2019.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

3